IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN HERBERT THOMPSON, <br> AIS 161484, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL MANAGER BRYANT, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:22-cv-473-ECM-SMD <br> ) [WO] <br> ) <br> ) <br> ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

**I. INTRODUCTION**

Plaintiff, a work-release inmate at the Loxley Community Based Facility in Loxley, Alabama, filed this Complaint on a form used by inmates for filing 42 U.S.C. § 1983 actions. Doc. 1. He names as Defendant General Manager Bryant, of Dick's Restaurant. Plaintiff files suit for claimed violations of his federally protected rights while working a job on work-release at Dick's Restaurant in Orange Beach, Alabama in July 2022 For relief, Plaintiff seeks compensation for loss of employment and pain and suffering, "a lifetime job of employment at the establishment," and "termination of the G.M. for his bias[ed] doings and disrespect for rules." Doc. 1 at 7–8. Upon review, the Court finds that this case should be transferred to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1391 and 28 U.S.C. § 1404.[1]

---

[1] Upon filing the Complaint, Plaintiff filed a motion in support of a request for leave to proceed *in forma pauperis*. Doc. 2. The assessment and collection of any filing fees, however, should be undertaken by the United States District Court for the Southern District of Alabama.

## II.    DISCUSSION

A 42 U.S.C. § 1983 "action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . ." 28 U.S.C. § 1404(a). Plaintiff avers that the actions described in his Complaint occurred at the Loxley Community Based Facility and Dick's Restaurant in Orange Beach. Doc. 1 at 4–5. The Loxley Community Based Facility and Orange Beach are both in Baldwin County, which is in the Southern District of Alabama. Plaintiff identifies no defendants who reside in the Middle District of Alabama, describes no events or omissions giving rise to his claims that occurred in this district, and identifies no other basis for proper venue here. Therefore, under 28 U.S.C. § 1391(b), the proper venue for this action is the Southern District of Alabama, and it is due to be transferred under 28 U.S.C. § 1404(a).[2]

---

[2] In transferring this case, the Court makes no determination with respect to the merits of the claims presented in the Complaint.

### III. CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a).

It is ORDERED that by **September 9, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 26th day of August, 2022.

      /s/  Stephen M. Doyle
      STEPHEN M. DOYLE
      CHIEF U.S. MAGISTRATE JUDGE