# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

JOHN HERBERT THOMPSON, *
# 161484, *
 *
    Plaintiff, *
 *
vs. * CIVIL ACTION NO. 22-00418-KD-B
 *
GENERAL MANAGER BRYANT, *
 *
    Defendant. *

## REPORT AND RECOMMENDATION

This action is before the Court on review. Plaintiff John Herbert Thompson, an Alabama prison inmate proceeding *pro se*, filed a complaint seeking relief under 42 U.S.C. § 1983 in the Middle District of Alabama. (Doc. 1). This action was subsequently transferred to the Southern District of Alabama (Docs. 4, 5), and was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. 72(a)(2)(R).

When he initiated this action in August 2022, Thompson filed two printouts from his inmate account (Doc. 2), but he did not pay the filing fee, nor did he file a motion to proceed without prepayment of fees. Accordingly, in an order dated January 23, 2023, the Court directed Thompson "to complete and file, by **February 13, 2023,** this Court's form for a motion to proceed without prepayment of fees **and** to attach a printout of his inmate account showing the average monthly balance in his inmate account

and the average monthly deposits for the six months **preceding** the filing of the complaint on August 8, 2022." (Doc. 6 at 1 (emphasis in original)).  The Clerk of Court was directed to send Thompson this Court's form for a motion to proceed without prepayment of fees for his use.  (Id.).  The Court warned Thompson that failure to comply with the order within the prescribed time would result in a recommendation that this action be dismissed for failure to prosecute and obey the Court's order.  (Id. at 2).  The order was mailed to Thompson at his Elba Community-Based Facility/Community Work Center address reflected on the Alabama Department of Corrections' ("ADOC") website.

To date, Thompson has not filed a motion to proceed without prepayment of fees, despite being ordered to do so by February 13, 2023.  Thompson has not requested additional time to complete and file a motion to proceed without prepayment of fees, he has not indicated that he is unable to comply with the Court's order, and he has provided no explanation for his failure to timely comply with the Court's directives.  Additionally, the order dated January 23, 2023 has not been returned to the Court as undeliverable, and ADOC's website reflects that Thompson is still incarcerated at Elba Community-Based Facility/Community Work Center, where the order was mailed to him.

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply

2

with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

As noted previously, Thompson has made no apparent attempt to comply with the Court's order directing him to file a motion to proceed without prepayment of fees and accompanying inmate account printout by February 13, 2023. Nor has Thompson explained his failure to comply with the Court's order, indicated that he is unable to comply, or sought additional time within which to comply. Thompson's lack of response suggests that he has lost interest in

3

and abandoned the prosecution of this action. In light of Thompson's failure to prosecute this action and failure to obey this Court's order by timely filing a motion to proceed without prepayment of fees, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) and this Court's inherent authority, as it appears no lesser sanction will suffice.[1]

If Thompson disputes the finding that he failed to comply with the Court's order directing him to file an IFP motion and accompanying inmate account printout, he must set forth in an objection to this report and recommendation the reasons for his failure to file an IFP motion as directed. See Wilson v. Sargent, 313 F.3d 1315, 1321 (11th Cir. 2002) (finding that allowing objections to a magistrate judge's report and recommendation is an acceptable means of ascertaining the steps taken by a prisoner to comply with an order to pay a partial filing fee).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen

---

[1] The Court notes that Thompson complains of acts or omissions that occurred in July 2022. (See Doc. 1 at 4-5). In Alabama, the statute of limitations for filing a § 1983 action is two years. Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, under the circumstances, dismissal of this action without prejudice would not be tantamount to dismissal with prejudice, because Thompson would have the ability to refile his claims prior to the expiration of the statute of limitations.

4

(14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **16th** day of **March, 2023.**

                                                /S/ SONJA F. BIVINS
                                        **UNITED STATES MAGISTRATE JUDGE**